(C.R.D. 73-33)

BARUCH PETRANKER IMPORT CO., INC., et al. *v.* UNITED STATES

Court Nos. 68/59496, etc.

(Dated December 7, 1973)

*Glad, Tuttle & White* (*John McDougall of counsel*) for the plaintiffs.
*Irving Jaffe*, Acting Assistant Attorney General (*David A. Ast*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to strike the complaints filed in these eleven actions. The basis of the motion is that the complaints were filed by Glad, Tuttle & White, whereas the protests

---

identify plaintiffs' attorneys as Glad & Tuttle. Defendant contends that "there was no record of substitution filed with this Court replacing the firm of Glad & Tuttle with Glad, Tuttle & White as the new attorneys of record". Admittedly, no notices of substitution, as provided for in rule 16.3 (f), have been filed.

The Government's position is that Glad, Tuttle & White is a law firm distinct and separate from Glad & Tuttle. In support of such position defendant states: "It is a general rule of partnership law that even if there are some partners in common, if there is a partner not common to both partnerships, the result is separate and distinct partnerships. Cf. *Maryland Casualty Co.* v. *Glassell-Taylor Co.*, 63 F. Supp. 718 (D.C. La. 1945)".

Thus, defendant argues, that "when Mr. White entered into a partnership with Mr. Glad and Mr. Tuttle, the partnership of Glad, Tuttle & White was formed. This partnership is separate and distinct from that of Glad & Tuttle". Further, defendant insists that it "is placed in a position wherein it does not know which firm to serve papers on, or if it should be forced to effect a duplicate service whenever this situation arises."

In opposition to defendant's motion, Messrs. Glad & Tuttle represent: "The firm of Glad, Tuttle & White is identical to Glad & Tuttle insofar as a business entity remains so through time [sic], with the exception that Mr. White achieved partnership status during the year 1971. Before that Mr. Glad, Mr. Tuttle and Mr. White were members of the bar of this Honorable Court and they remain so today". Moreover, it may be observed that Glad, Tuttle & White is located at the same office address as Glad & Tuttle.

The pertinent paragraphs of rule 16.3 are as follows:

**(b) Initial Document:** If the summons or other paper commencing an action bears the name and address of any member or members of the bar of this court, he or they shall be recognized as the attorney or attorneys of record and no separate notice of appearance shall be required in such action.

\* \* \* \* \* \* \*

**(d) Attorney of Record:** An appearance may be made in the name of an individual attorney or in a firm name. If an appearance is made in a firm name, the name of the individual attorney responsible for the litigation shall also be stated.

\* \* \* \* \* \* \*

**(f) Substitution of Attorneys:** A party to any action who may desire to substitute an attorney in place of the one of record may do so by filing a notice therefor expressing his consent, signed by himself and the attorney of record. The notice shall be substantially in the form as set forth in Appendix G. If the consent of the previous attorney of record is annexed to or endorsed on the

notice, substitution shall be accomplished by an appropriate entry on the docket of the court. A notice of appearance shall be filed by the substituted attorney. * * *

True, under general principles of partnership law the addition of Mr. White as a new partner to the firm of Glad & Tuttle created a new partnership (Glad, Tuttle & White), as contended by defendant. However, there is nothing in rule 16.3 even remotely suggesting that the addition of a new partner to a law firm automatically "triggers" the provisions of paragraph (f) for notices of substitution and appearance without regard to whether a new and distinctly separate law firm has been created. Here the firm of Glad, Tuttle & White is represented to be "identical" to Glad & Tuttle except, of course, for the addition of Mr. White, a new partner, to the firm. Hence, if defendant's interpretation of rule 16.3(f) were correct, it is apparent that Glad & Tuttle would be consenting to a substitution by virtually the same firm—an unjustifiable result.

Finally, the Government is well aware that if its position were upheld on this motion, notices of substitution and appearance by Glad, Tuttle & White would not only be necessary in these eleven cases, which are the subject of defendant's motion, but similar notices would also be required in the multitude of other cases now pending in this court wherein Glad & Tuttle are named as plaintiffs' attorneys in the summons or other papers commencing the actions and in which complaints have been or will be filed by Glad, Tuttle & White. Such wholesale filing of notices of substitution and new appearances, entailing in part the obtaining of consents of the clients involved, would be an extremely oppressive requirement to impose on law firms changing their names merely because of the addition of a new partner. Such an unreasonable and harsh application of rule 16.3 was never intended, nor is it required, under the circumstances presented by this motion.

Plainly, then, the eleven complaints herein should not be stricken.

In reaching my conclusion, however, I am not oblivious to a startling inadvertence: in opposing this very motion and despite the controversy here Glad, Tuttle & White signed its opposing memorandum as Glad & Tuttle!

Orderly housekeeping—defendant must know definitively whom to serve with papers; this court's rights for obviating docket confusion, etc.—demands a meticulous and strict adherence by plaintiffs' counsel in uniform signing of all papers hereafter in these eleven cases as Glad, Tuttle & White. And further, defendant is authorized to serve all papers in these eleven cases on Glad, Tuttle & White.

Indeed, I feel constrained to observe that, perhaps, a different result might have been reached if the factual situation here had shown two law firms with different structural and different ownership rights.

The motion to strike the complaints in these eleven actions is denied.